# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3343

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  Western District of Missouri |
| Robert Lee Cavins, Jr., | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted:  May 13, 2008
Filed:  September 23, 2008

_____

Before LOKEN, Chief Judge, BYE and COLLOTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Robert Lee Cavins, Jr., a chiropractor, neither filed returns nor paid federal income taxes for the 1992-1994 tax years, except for estimated tax payments of $10,000 during 1992. Cavins and his wife also transferred their home and his office to residential and chiropractic trusts, and Cavins instructed his employees to deposit chiropractic revenues into various trust accounts. When Cavins sold his practice in 1999, he deposited $80,000 of the proceeds in an overseas bank. The Internal Revenue Service assessed nearly $130,000 in tax liabilities and filed a notice of federal tax lien, but the lien never attached to Cavins's property and the IRS went unpaid. Cavins was charged and after a jury trial convicted of willfully attempting to evade and defeat payment of federal income tax in violation of 26 U.S.C. § 7201 and

18 U.S.C. § 2. He appeals the conviction, arguing (i) that the indictment failed to charge and the government failed to prove a willful violation of § 7201; (ii) that the district court[1] erred in refusing to dismiss the indictment because the Form 1040 returns for the 1992-1994 tax years failed to comply with the Paperwork Reduction Act, 44 U.S.C. §§ 3501-3521 (2000); and (iii) that the admission of evidence that he failed to file income tax returns violated his Fifth Amendment rights. We affirm.

## I.

Cavins first argues, without citation to relevant authority, that the indictment should have been dismissed because its "mere allegation of willfulness without more was insufficient to give Cavins notice as to what he was required to defend against regarding this element." Without question, proof that the defendant "willfully" attempted to evade a federal tax is an element of the § 7201 offense. Sansone v. United States, 380 U.S. 343, 351 (1965). An indictment is sufficient if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993). Here, the indictment alleged that Cavins

> did willfully attempt to evade and defeat payment of a large part of his federal income tax due and owing . . . by failing to file federal income tax returns for 1992, 1993 and 1994, placing and maintaining money or other property in the names of other persons and entities . . . depositing payments received for services . . . in the names of other persons and entities . . . transferring money . . . outside the United States, paying creditors other than the United States, using available assets to purchase investments rather than pay the . . . federal income tax liabilities . . . and

---

[1]The HONORABLE RICHARD E. DORR, United States District Judge for the Western District of Missouri.

engaging in other affirmative conduct the likely effect of which would be to mislead or to conceal with the intent to avoid payment of Defendant's federal income tax liabilities . . . .

We agree with the district court that the indictment both alleged the willfulness element and fairly informed Cavins of the charges by alleging specific affirmative acts of evasion and attempted evasion. The motion to dismiss was properly denied.[2]

At the end of this section of his brief, Cavins asserts that "no evidence supporting this element" was presented at trial. His reply brief makes clear the argument is based solely on *dicta* in the Supreme Court's opinion in Bryan v. United States 524 U.S. 184, 194 (1998): "In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating." Cavins argues that his motion for judgment of acquittal should have been granted because the government introduced no evidence that he knew he was violating 26 U.S.C. § 7201.

This contention was not properly preserved. The district court instructed the jury that Cavins acted willfully "if he knew he had a legal duty to pay federal income tax" and acted intentionally to avoid paying the tax. He did not object to this instruction, nor does he argue that the evidence was insufficient to convict him of willfully evading his 1992-1994 tax liabilities under this definition of willfully.

Moreover, the instruction was clearly correct. In Cheek v. United States, 498 U.S. 192, 201 (1991), the Supreme Court held that the willfulness element in § 7201 "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that

---

[2]For these reasons, the district court did not abuse its discretion in denying Cavins's pretrial motion for a bill of particulars on the willfulness issue. See United States v. Shepard, 462 F.3d 847, 860 (8th Cir.), cert. denied, 127 S. Ct. 838 (2006).

duty." In discussing a hypothetical, the Court clarified that willfulness in this context means that the defendant knew of the "duty purportedly imposed" by the tax laws, not that he knew which specific provision created that duty. Id. at 201-02. Neither the majority nor the dissenting opinion in Bryan -- a case involving an entirely unrelated criminal statute -- stated that the word "willfully" in any statute requires the government to prove knowledge of a specific statutory *citation*. As the Seventh Circuit observed in United States v. Patridge, 507 F.3d 1092, 1094 (7th Cir. 2007), cert. denied, 128 S. Ct. 1721 (2008), "Knowledge of the law's demands does not depend on knowing the citation any more than ability to watch a program on TV depends on knowing the frequency on which the signal is broadcast."

## II.

Cavins further argues that the district court erred in denying his motion to dismiss and in admitting evidence that he did not file Form 1040 tax returns for the 1992-1994 tax years because the forms violated the Paperwork Reduction Act. As we understand these contentions,[3] Cavins makes two distinct arguments. First, he argues that he was entitled to dismissal of the indictment or acquittal because the Forms 1040 did not inform him why the IRS was asking for the information and how it would be used. This contention is frivolous. At the time in question, 44 U.S.C. § 3512 provided: "no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved . . . does not display a current control number assigned by the Director [of the Office of Management and Budget], or fails to state that such request is not subject to this

---

[3]Cavins is represented on appeal by the same attorney who represented the defendant convicted of tax evasion and raised similar issues in Patridge, 507 F.3d at 1094-96.

chapter."[4]  The trial record includes copies of the Form 1040 for each of the 1992-1994 tax years.  An OMB control number is clearly displayed at the top of each form.  If the Form 1040 displays the control number required by § 3512, "nothing more is required."  United States v. Holden, 963 F.2d 1114, 1116 (8th Cir. 1992), quoting United States v. Dawes, 951 F.2d 1189, 1193 (10th Cir. 1991).

Second, Cavins argues that admission of evidence that he failed to file tax returns violated his Fifth Amendment privilege against self-incrimination.  This argument is foreclosed by the Supreme Court's decision in United States v. Sullivan, 274 U.S. 259 (1927), which held that the Fifth Amendment does not authorize a taxpayer to refuse to file a return.  As the Court explained, "If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all."  Id. at 263; accord Garner v. United States, 424 U.S. 648,  656-65 (1976).  Evidence that Cavins did not file tax returns was probative of whether he willfully attempted to evade his income tax liabilities.  Therefore, the district court did not abuse its decision by admitting this evidence.

The judgment of the district court is affirmed.

_____

---

[4]The 1995 amendments to § 3512 would not change our analysis.  See Pub. L. No. 104-13, § 2, 109 Stat. 163, 181 (1995).