# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1047

_____

United States of America,

      Appellee,

v.

Emmanuel Preston Sohn,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*
\*

_____

Submitted: April 14, 2009
Filed: May 28, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Emmanuel Preston Sohn pled guilty to a one-count indictment of unlawful possession of a firearm. The district court[1] applied an enhancement under the Armed Criminal Career Act based on his prior felony convictions. The indictment does not mention the ACCA, or the predicate convictions. Sohn appeals the sentence enhancement based on his Fifth Amendment right to a Grand Jury indictment on each crime charged. This court affirms.

_____

[1]The Honorable Jean C. Hamilton, Judge, United States District Court for the Eastern District of Missouri.

Sohn was indicted as a felon in possession of a firearm, an offense punishable by a maximum of ten years imprisonment. *See* **18 U.S.C. §§ 922(g)(1), 924(a)(2)**. The indictment does not list the three predicate felonies that subjected him to a mandatory fifteen-year minimum under the ACCA. **18 U.S.C. § 924(e)**. However, Sohn was aware at the time of his guilty plea that he may be sentenced under the ACCA. The Pre-Sentence Report summarized his prior convictions, recommending application of the ACCA. Sohn objected to the recommendation (but has never questioned the accuracy of the PSR's summaries of the prior convictions). The district court accepted the ACCA's fifteen years as the starting point, gave credit for 24 months served, and imposed a sentence of 156 months—a punishment greater than the maximum under § 924(a)(2).

This court reviews the district court's factual findings for clear error, and the application of the law to the facts de novo. *United States v. Campbell*, 270 F.3d 702, 706 (8th Cir. 2001). Questions of law regarding the violation of the Fifth Amendment are reviewed de novo. *United States v. Purkey*, 428 F.3d 738, 748 (8th Cir. 2005).

Sohn argues the ACCA enhancement was unconstitutional because under the Fifth Amendment, a defendant can be convicted only of a crime charged in the indictment. Since the indictment did not charge him with a violation of the ACCA, or include his prior convictions, Sohn claims the maximum sentence is ten years under § 924(a)(2).

The Fifth Amendment states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." **U.S. Const. amend. V**. This constitutional guarantee presupposes an investigative body "acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). Generally, the words "presentment" and "indictment" are interchangeable under the Fifth Amendment. *See Hale v. Henkel*, 201 U.S. 43, 60-61 (1906) (explaining presentments—charges made

by a Grand Jury from it's own knowledge or observations without any accusation from the prosecutor—have largely fallen into disuse in this country).

An indictment is sufficient if it contains "all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." **United States v. Cavins**, 543 F.3d 456, 458 (8th Cir. 2008), *citing* **United States v. Fleming**, 8 F.3d 1264, 1265 (8th Cir. 1993).

The Supreme Court has directly addressed whether an indictment must allege the fact of a prior conviction in order to expose a defendant to an enhanced sentence. *See* **Almendarez-Torres v. United States**, 523 U.S. 224 (1998). There the indictment charged a violation of 18 U.S.C. § 1326. **Id.** at 227. Subsection 1326(a) authorizes a maximum of two years' imprisonment. At sentencing, the prison term was enhanced due to prior felony convictions under subsection 1326(b)(2), which authorizes a maximum of twenty years. **Id.** On appeal, the defendant claimed that his sentence was unjustified because the indictment did not include his prior felony convictions, and the court could not sentence him to more than the maximum in § 1326(a). **Id.** The Supreme Court held that § 1326(b)(2), a penalty provision, does not define a separate crime; therefore the Government need not charge the fact of an prior conviction in the indictment. **Id.** at 226-27. Further, the Court reasoned that making the jury aware of the defendant's prior felonies would unfairly prejudice the defendant. **Id.** at 235.

In *Apprendi*, the Supreme Court did not revisit *Almendarez-Torres*. **Apprendi v. New Jersey,** 530 U.S. 466 (2000). The Court, interpreting the Sixth Amendment right to a jury trial, held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." *Id.* at 490. The Court created an exception for "the fact of a prior conviction," because that fact had already been protected at a trial by jury. *Id.*

This Circuit in *United States v. Campbell* recognized the continuing validity of *Almendarez-Torres* as a narrow exception to the rule announced in *Apprendi*. **United States v. Campbell**, 270 F.3d 702, 708 (8th Cir. 2001). Sohn attempts to distinguish *Campbell*, asserting that a different constitutional amendment is at issue here, and there the fact of the prior convictions (and the ACCA) were included in the indictment. To the contrary, this court has recognized that *Almendarez-Torres* addressed the Fifth Amendment right to indictment by a grand jury. *See* **United States v. Kempis-Bonola**, 287 F. 3d 699, 702 (8th Cir. 2002). And, *Campbell* cites decisions where neither the ACCA, nor the prior convictions, were included in the indictment. **Campbell**, 270 F.3d at 708 n.7, *citing* **United States v. Tighe**, 266 F.3d 1187, 1190-91 (9th Cir. 2001), **United States v. Thomas**, 242 F.3d 1028, 1034-35 (11th Cir. 2001), *and* **United States v. Dorris**, 236 F.3d 582, 586-87 (10th Cir. 2000).

Sohn's indictment satisfied the Fifth Amendment by including the substantive offense, and the district court may apply a sentence enhancement statute not cited in the indictment, based on prior convictions also not included in the indictment.

The judgment is affirmed.

_____

-4-