# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3580 / 09-2009

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| John Graham, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 15, 2009
Filed: July 28, 2009 (Corrected: 10/23/2009)

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

A grand jury indicted John Graham on one count of first degree murder, 18 U.S.C. § 1153. The district court[1] dismissed the indictment because it failed to allege his Indian status. Months later, the district court dismissed an identical count in a later indictment. The government appeals. This court affirms.

_____

[1] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

I.

In 2003, a grand jury charged:

On or about the 12th day of December, 1975, near Wanblee, in Indian Country, in the District of South Dakota, the defendants, Fritz Arlo Looking Cloud, an Indian, and John Graham, a/k/a John Boy Patton, willfully, deliberately, maliciously, and with premeditation and malice aforethought, did unlawfully kill and aid and abet the unlawful killing of Annie Mae Aquash, a/k/a Annie Mae Pictou, by shooting her with a firearm, in violation of 18 U.S.C. §§ 1111, 1153, and 2.

While the indictment alleged that Looking Cloud was Indian, it did not allege Indian status as to Graham or the victim. Graham made a pretrial motion to dismiss the indictment, which the court granted. The government appeals.

In 2008, a grand jury again indicted Graham on first degree murder. Count I and II of the indictment brought new charges; Count III, the same charge as the 2003 indictment, did not allege that Graham is Indian.[2] Graham moved to dismiss all charges. The court dismissed Count III, preserving Counts I and II for trial. The government appeals the interlocutory dismissal of Count III.

---

[2] The 2008 indictment for first degree murder alleges:

Count I: Only Graham is an Indian, citing 18 U.S.C. § 1153;

Count II: Only Aquash is an Indian, citing 18 U.S.C. § 1152;

Count III: Graham aided and abetted certain Indians, citing 18 U.S.C. § 1153.

Jurisdiction being proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3731, this court consolidated the government's appeals from the dismissals of both the 2003 indictment and Count III of the 2008 indictment.

## II.

This court reviews "*de novo* the district court's decision to grant [a] motion to dismiss the indictment." **United States v. Keeney**, 241 F.3d 1040, 1042 (8th Cir. 2001). The Fifth Amendment states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." **U.S. Const. amend V**. Generally, the words "presentment" and "indictment" are interchangeable under the Fifth Amendment. *See **Hale v. Henkel***, 201 U.S. 43, 60-61 (1906).

"An indictment is sufficient if it contains 'all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution.'" **United States v. Sohn**, 567 F.3d 392, 394 (8th Cir. 2009), *quoting **United States v. Cavins***, 543 F.3d 456, 458 (8th Cir. 2008).

The Indian Major Crimes Act, 18 U.S.C. § 1153, extends federal jurisdiction over specific offenses committed by Indians in Indian Country:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder . . . shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

The government argues that the district court erred in dismissing the indictments, because the failure to allege Indian status under § 1153 does not bar federal jurisdiction. *See United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005) (holding that "the alleged dispute over [the defendant's] Indian status did not deprive the district court of jurisdiction"); *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (concluding that the defendant's "assertion that he is an Indian is relevant to the matter of proof but irrelevant on the matter of jurisdiction"). *See also United States v. Beck*, 250 F.3d 1163, 1165 (8th Cir. 2001) ("jurisdictional" elements such as an interstate nexus are not truly jurisdictional because they do not affect a court's constitutional or statutory power to adjudicate a case). *Pemberton* and *White Horse* establish that the court has subject matter jurisdiction; however, they do not control the issue in this case – whether the indictments sufficiently state a violation of § 1153.

The Tenth Circuit considered the sufficiency of an indictment that failed to allege a defendant's Indian status under the Indian Country Crimes Act, 18 U.S.C. 1152.[3] *United States v. Prentiss*, 206 F.3d 960, 962 (10th Cir. 2000), *rev'd on other grounds*, 256 F.3d 971, 985 (10th Cir. 2001) (en banc). The panel reversed the conviction, holding "the Indian status of the defendant and victim are essential elements under 18 U.S.C. § 1152, which must be alleged in the indictment and established by the government at trial. Because [the defendant's] indictment did not allege these elements, it is insufficient." *Id*. at 966. *Accord United States v. Hilderbrand*, 261 F.2d 354, 357 (9th Cir. 1958) (dismissing an § 1153 indictment that "did not allege that appellant or victim of the accused was an Indian").

---

[3] The Indian Country Crimes Act, 18 U.S.C. § 1152, provides federal jurisdiction for crimes occurring within Indian country between an Indian and a non-Indian.

In a Ninth Circuit case, the defendant argued, post-trial, that the § 1153 indictment was defective because it failed to state that he was an Indian. *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). The court noted that "[w]hen the indictment is questioned *prior* to trial, reference to a statute cannot cure a defect in the indictment where it fails to allege the elements of the crime." *Id*. at 1318, *citing United States v. Kurka*, 818 F.2d 1427, 1431 (9th Cir. 1987). By "the liberal standard of review" for an indictment challenged post-trial, however, the indictment "adequately" alleged the necessary elements of the crime by including a reference to the statute. *Id*.

In this case, Graham's pretrial motions challenged the sufficiency of the failure to allege his Indian status. The plain language of § 1153 covers any "Indian" who commits murder. This court concludes that the indictments are deficient because Graham's Indian status is an essential element of § 1153.

The government also argues that the court erred in dismissing the indictment because Graham can be charged as an aider-and-abettor. Looking Cloud was properly indicted under § 1153. *See United States v. Looking Cloud*, 419 F.3d 781, 785 n.3 (8th Cir. 2005). The government claims that liability extends to Graham without an allegation of Indian status. The law provides that

> a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> b) Whoever willfully causes an act to be done which if directly performed by him or another person would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

The government cites no authority applying aider-and-abettor liability in the Indian law context. *See **United States v. Rector***, 538 F.2d 223, 225 (8th Cir. 1976) (stating that 18 U.S.C. § 2 is generally applicable to the entire criminal code); ***United States v. Sigalow***, 812 F.2d 783, 785 (2d Cir. 1987) ("A defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense."); ***United States v. Standefer***, 610 F.2d 1076, 1085 (3d Cir. 1979) (en banc) (affirming conviction of private citizen as aider and abettor under statute prohibiting government officials from receiving gifts), *aff'd*, 447 U.S. 10 (1980); ***United States v. Lester***, 363 F.2d 68, 73 (6th Cir. 1966) (affirming convictions for aiding and abetting police officers in conspiracy even though defendants could not act under "color of law").

This court has considered accomplice liability under the Indian Major Crimes Act. ***United States v. Norquay***, 905 F.2d 1157, 1159-63 (8th Cir. 1990). There, the defendant, an Indian, pled guilty to burglary under § 1153. This court addressed whether he should be sentenced under Minnesota or federal law. The defendant argued that, because his non-Indian accomplice could be prosecuted only under Minnesota law, he should be sentenced under Minnesota law to avoid disparate treatment. This court reasoned that Federal Sentencing Guidelines applied, but agreed that the accomplice could not be federally prosecuted:

> Defendant is correct that his non-Indian accomplice is outside the reach of federal jurisdiction because the victim of the burglary was also a non-Indian. *United States v. McBratney*, 104 U.S. 621, 26 L. Ed. 869 (1881) (Congress did not assume jurisdiction over crimes committed within Indian country by non-Indians against other non-Indians in 18 U.S.C. § 1152 and therefore the states have jurisdiction over these offenses) (*McBratney*); *see United States v. Antelope*, 430 U.S. 641, 644 n.4, 97 S.Ct. 1395, 1397 n.4, 51 L. Ed. 2d 701 (1977).

*Id*. at 1162. *Accord **United States v. Dodge***, 538 F.2d 770, 775-76 (8th Cir. 1976) (reversing burglary conviction involving non-Indians for lack of jurisdiction); ***United States v. Torres***, 733 F.2d 449, 453 n.1 (7th Cir. 1984) (noting that a non-Indian, who allegedly conspired to murder a non-Indian, was not prosecuted under §§ 1153 or 2).

Based on *Norquay,* § 2 does not extend federal jurisdiction to an accomplice charged under § 1153. The counts in both indictments failed to allege Graham's Indian status, which cannot be cured by an application of aider-and-abettor liability.

III.

The judgment of the district court is affirmed.

_____