### UNITED STATES of America, Appellant,

v.

### John GRAHAM, also known as John Boy Patten, Appellee.

### Nos. 08–3580, 09–2009.

United States Court of Appeals, Eighth Circuit.

Nov. 4, 2009.

### ORDER

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied.

GRUENDER, Circuit Judge, with whom COLLOTON, Circuit Judge, joins, dissenting from denial of rehearing en banc.

I would grant rehearing en banc because I conclude that 18 U.S.C. § 2 does not require an indictment to allege that an aider and abettor shares the status element necessary to convict the principal of the particular offense at issue. The indictment here alleges that Looking Cloud is an Indian, thereby satisfying the status requirement set out in the Indian Major Crimes Act, 18 U.S.C. § 1153. Because the indictment fails to allege that either Graham or the victim is also an Indian,[1] the panel concludes that the indictment is fatally defective. Although the panel opinion on its face appears limited to interpret-

ing Section 2 as it applies "in the Indian law context," *United States v. Graham,* 572 F.3d 954, 956 (8th Cir.2009), I see no reason why the underlying logic of the holding would not likewise prevent the prosecution of aiders and abettors who do not share the status requirements of various other federal criminal offenses. In any event, this holding runs counter to the text and history of Section 2, a clear statement by the Supreme Court, and the reasoned holdings of two of our sister circuits.

The plain language of Section 2 contains no exception that would make it inapplicable to the many crimes that include a status element. Section 2(a) states that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." By its terms, Section 2 applies to all "offense[s] against the United States." *See United States v. Posters 'N' Things Ltd.,* 969 F.2d 652, 662 (8th Cir.1992) ("This provision is applicable to the entire criminal code.") (internal quotation omitted). Section 1153 describes an offense against the United States. Thus, under the plain language of Section 2, a person commits a federal crime if, regardless of his Indian status, he aids or abets someone who violates § 1153. Here, the indictment alleges Graham did precisely that: he aided and abetted Looking Cloud, an Indian, in the murder of Annie Mae Aquash.

Furthermore, according to the Supreme Court, Congress amended 18 U.S.C. § 2 in 1951 for the purpose of directly answering the question this case presents. *Standefer v. United States,* 447 U.S. 10, 18 n. 11, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980). The statute previously stated that "[w]hoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands,

---

**1.** Section 1153 also applies if the victim was an Indian.

induces, or procures its commission, is a principal." Act of Mar. 4, 1909, § 332, 35 Stat. 1152. In 1951, Congress inserted the words "punishable as" into the statute. *See* Act of Oct. 31, 1951, § 17(b), 65 Stat. 710, 717. This amendment

> was designed to eliminate all doubt that in the case of offenses whose prohibition is directed at members of specified classes (*e.g.* federal employees) a person who is not himself a member of that class may nonetheless be punished as a principal if he induces a person in that class to violate the prohibition.

*Standefer,* 447 U.S. at 18 n. 11, 100 S.Ct. 1999 (citing S.Rep. No. 1020, at 7–8 (1951), reprinted in 1951 U.S.C.C.A.N. 2578, 2583).[2] The panel decision reaches a contrary conclusion, relying primarily on *United States v. Norquay,* 905 F.2d 1157 (8th Cir.1990). However, neither the panel opinion nor *Norquay* discusses the text of Section 2, its history, or the Supreme Court's discussion of the 1951 amendment.

Additionally, the panel decision creates a conflict among the circuits. Both the Third and Sixth Circuits have analyzed and rejected arguments similar to Graham's, each affirming a conviction where an alleged aider and abettor lacked the necessary status element, being a public official, to commit the underlying crime himself. *See United States v. Standefer,* 610 F.2d 1076, 1082–85 (3d Cir.1979) (en banc); *United States v. Lester,* 363 F.2d 68, 72–73 (6th Cir.1966). The Sixth Circuit in *Lester* first noted the long-established principle that "even though a defendant was incompetent to commit the offense as a principal by reason of not being of a particular age, sex, condition, or class, he may, nevertheless, be punished as procurer or abettor." 363 F.2d at 72 (internal quotation omitted). The court then concluded, in language equally applicable to this case: "Congress, as if in anticipation of [the defendant's] argument here, amended [18 U.S.C. § 2] 'to * * * make certain the intent to punish (persons embraced within § 2) * * *, regardless of the fact that they may be incapable of committing the specific violation.'" *Id.* at 73 (quoting S.Rep. No. 1020, at 7–8). Similarly, the Third Circuit held in *Standefer* that, because of the "unambiguous statement by Congress" in amending the aiding and abetting statute, "18 U.S.C. § 2(a) may be used to reach one who could not be indicted as a principal." *Standefer,* 610 F.2d at 1085.[3] Neither the panel opinion nor *Norquay* can be squared with the reasoning of *Lester* and *Standefer.*

In breaking rank with our sister circuits on this important question of statutory interpretation, the panel opinion calls into question the application of Section 2 to a broad range of criminal statutes. Many federal crimes require a defendant to have a specified status as an element of the offense. *See, e.g.,* 18 U.S.C. § 207 (defendant must be a government employee); 18 U.S.C. § 656 (defendant must be a bank officer or employee); 18 U.S.C. § 922(g) (defendant must be a felon); 18 U.S.C. § 1709 (defendant must be a Postal Service officer or employee); 26 U.S.C. § 7214 (defendant must be a government

---

**2.** Indeed, the Senate Report states that "[t]his section is intended to clarify and make certain the intent to punish aiders and abettors regardless of the fact that they may be incapable of committing the specific violation which they are charged to have aided and abetted." S.Rep. No. 1020, at 7–8.

**3.** Standefer did not appeal this holding after losing in the Third Circuit, and thus the Supreme Court's analysis of the 1951 amendment in *Standefer* was not essential to its decision. *Still,* "federal courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings." *Jones v. St. Paul Cos.,* 495 F.3d 888, 893 (8th Cir.2007) (internal quotation omitted).

employee); 29 U.S.C. § 186 (defendant must be a union representative); *see also* S.Rep. No. 1020, at 8 (collecting other statutes). Both this circuit and our sister circuits have regularly affirmed convictions for aiding and abetting such crimes where the defendant did not satisfy the necessary status element, albeit without discussion of this issue. *See, e.g., United States v. Copple*, 827 F.2d 1182 (8th Cir.1987) (affirming a conviction of a non-bank employee for aiding and abetting a violation of 18 U.S.C. § 656); *United States v. Miller*, 547 F.3d 718 (7th Cir.2008) (same with respect to 18 U.S.C. 922(g) and a non-felon); *United States v. McGowan*, 58 F.3d 8 (2d Cir. 1995) (same with respect to 29 U.S.C. § 186 and a non-union-representative); *United States v. Wolfswinkel*, 44 F.3d 782 (9th CIR.1995) (same with respect to 18 U.S.C. § 656 and a non-bank employee); *United States v. Liu*, 960 F.2d 449 (5th Cir.1992) (same with respect to 18 U.S.C. § 207 and a non-government employee); *United States v. Campbell*, 426 F.2d 547 (2d Cir.1970) (same with respect to 26 U.S.C. § 7214 and a non-government employee). Although the panel opinion only decides the issue with respect to § 1153, by logical extension its holding also imperils aiding and abetting charges under these statutes as well.

I conclude the Third and Sixth Circuits correctly interpreted 18 U.S.C. § 2, in line with its text, its history, and the Supreme Court's statement in *Standefer*. Because I see no reason to interpret Section 2 differently as it applies in the Indian law context, I respectfully dissent from the denial of rehearing en banc.