# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2269

_____

Lennell M. Martin,

        Appellant,

    v.

Robert Fanies, Warden of Rush City Minnesota Correctional Facility,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: February 8, 2010
Filed: February 19, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Lennell M. Martin appeals from the district court's[1] denial of his application for a writ of habeas corpus. See 28 U.S.C. § 2254. He claims that the state court violated his clearly established rights under the Sixth Amendment's Confrontation Clause when

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

it admitted evidence of a dying declaration, and that it violated his clearly established Fourteenth Amendment Due Process right to be present at every critical stage of the criminal proceedings when the trial judge answered four jury questions outside of his presence. We affirm.

## I.

Martin was convicted in Minnesota state court of first degree murder following the shooting death of Curtis Anthony, for which he is serving a life sentence. Relevant to Martin's Confrontation Clause claim, the state trial court allowed Anthony's girlfriend to testify that immediately after Anthony was shot he said to her, "Call the Police. Jeff and Lenair." (Appellant's Br. at 9.) Martin did not object to the testimony during trial, but he challenged the testimony on direct appeal to the Minnesota Supreme Court as violating his Sixth Amendment Confrontation Clause rights. Reviewing the claim for plain error, the Minnesota Supreme Court avoided the issue of whether the statement was testimonial or nontestimonial for purposes of Crawford v. Washington, 541 U.S. 36 (2004), and concluded that there was no constitutional violation because a dying declaration is an exception to the Crawford rule.

Martin's second issue on appeal relates to four questions presented by the jury to the judge during deliberations. Prior to sending the case to the jury, the trial judge, the prosecutor, and Martin's defense counsel all agreed that the judge would not summon the attorneys for jury questions unless the question was "of real substance." The trial judge told the prosecutor and Martin's defense counsel that she would deny any jury requests for definitions, unless the question presented was complicated, in which case she would summon the attorneys and Martin. Martin was present during this discussion of how to handle the jury questions, his counsel agreed to the proposed procedure, and Martin did not object.

-2-

The jury subsequently asked the trial judge four questions, two related to what time they would return to the hotel, one requesting a dictionary, and one asking, "[d]oes [the] rule of law define rash impulse? What is it?" (Appellant's Br. at 34.) The judge denied the request for the dictionary, and she responded to the question about defining rash impulse with a note stating, "[y]ou have the law the Judge has given you. That is the only law that applies to this case." (Id.) On direct appeal, Martin argued that the judge's interactions with the jury outside of his presence violated his right under the Fourteenth Amendment's Due Process Clause to be present at all critical stages of his criminal trial. The Minnesota Supreme Court rejected the claim, concluding that the jury questions all fell within the agreement with the trial court that the parties need not be summoned for non-substantive questions, and that Martin, through his attorney, had waived any right he had to be present for the jury questions.

In Martin's habeas action, the district court concluded that the Minnesota Supreme Court did not unreasonably apply any clearly established federal law. The court concluded that the relevant Supreme Court precedents supported the Minnesota Supreme Court's conclusion that the admission of a dying declaration is an exception to the Confrontation Clause as discussed in Crawford, and that no Supreme Court precedent required that a criminal defendant personally waive the right to be present during non-substantive jury questions. Martin appeals.

II.

As relevant to Martin's claims, a state prisoner is entitled to habeas relief only if his state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). On appeal, "we review the district court's findings of fact for clear error and its

conclusions of law de novo." Garcia v. Bertsch, 470 F.3d 748, 752 (8th Cir. 2006) (internal marks omitted).

The Supreme Court held in Crawford that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford, 541 U.S. at 53-54. The Supreme Court drew these limitations (unavailability and prior opportunity for cross-examination) from the common law established at the time of the Constitution's framing. Id. at 54. The Court concluded that the "right . . . to be confronted with the witnesses against him" as guaranteed by the Sixth Amendment was "most naturally read as a reference to the right of confrontation at common law, admitting only those exceptions established at the time of the founding." Id. In rejecting the dissent's argument that there were exceptions for hearsay evidence that were also well established in 1791, the majority distinguished between testimonial and nontestimonial statements, responding that there was "scant evidence that exceptions were invoked to admit *testimonial* statements against the accused in a *criminal* case." Id. at 56. The Supreme Court noted however, that "[t]he one deviation we have found involves dying declarations." Id. at 56 n.6. The Supreme Court noted this historic exception to the exclusion of testimonial statements again in Giles v. California, 128 S. Ct. 2678, 2682-83 (2008) ("We have previously acknowledged that two forms of testimonial statements were admitted at common law even though they were unconfronted. The first of these were declarations made by a speaker who was both on the brink of death and aware that he was dying." (internal citation omitted)).

"To obtain habeas relief, [Martin] must . . . be able to point to a Supreme Court precedent that he thinks the [Minnesota] state courts acted contrary to or unreasonably applied." See Buchheit v. Norris, 459 F.3d 849, 853 (8th Cir. 2006) (internal marks omitted). The state court's application of federal law "must be shown to be not only erroneous, but objectively unreasonable." Middleton v. McNeil, 541 U.S. 433, 436

(2004) (per curiam) (internal marks omitted). Martin relies on Crawford, arguing that the "express reasoning of Crawford indicates" that the Confrontation Clause does not provide an exception for testimonial dying declarations (Appellant's Br. at 26), making the Minnesota Supreme Court's holding that there was such an exception unreasonable. Crawford did not involve a dying declaration, and Martin recognizes that there is no clear Supreme Court precedent on point. In fact, Martin offers no federal authority to support his position beyond the general holding of Crawford, which itself noted the likely exception for dying declarations. "[A] state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling Supreme Court holding on the point." Losh v. Fabian, No. 09-1394, 2010 WL 6100, at * 2 (8th Cir. Jan. 4, 2010). Given the state of the federal law, the Minnesota Supreme Court's decision to apply the United States Supreme Court's dicta as stated in Crawford itself and repeated in Giles was not objectively unreasonable. Cf. Jones v. St. Paul Cos., 495 F.3d 888, 893 (8th Cir. 2007) ("[F]ederal courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is of recent vintage and not enfeebled by any later statement." (internal marks omitted)).

We also reject Martin's argument that the Minnesota courts' conclusion that his attorney could waive whatever right he had to be present for the jury questions was objectively unreasonable. Martin relies on the general rule that the Due Process Clause guarantees a criminal defendant the right to be present "at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). Yet, no Supreme Court case holds that a judge's receipt of and response to non-substantive jury questions[2] during deliberation is one of those critical stages. Further, with the

---

[2]The Minnesota Supreme Court concluded that the four questions posed by the jury were non-substantive and fell within the agreement that the trial court would handle all non-substantive jury questions without summoning the attorneys or Martin. This is a factual determination we take as true absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1). Martin offers no such evidence, and we presume that this fact finding is correct.

exception of certain fundamental rights that may only be waived by the defendant personally, see New York v. Hill, 528 U.S. 110, 114 (2000) (listing as examples of those fundamental rights the right to counsel and the right to plead not guilty), a defendant's constitutional rights "may be effected by action of counsel." Id. Again, Martin concedes that there is no Supreme Court case directly on point that holds that the right to be present during the discussion of jury questions is one of the fundamental rights that cannot be waived by defense counsel. The Minnesota Supreme Court's decision was not an objectively unreasonable application of clearly established Supreme Court precedent. See Losh, 2010 WL 6100, at * 2.

III.

The district court's denial of Martin's application for habeas relief is affirmed.
_____