# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3917

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Missouri. |
| Saadi Reed, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted:  March 14, 2011
Filed:  July 7, 2011

_____

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,[1] District Judge.

_____

PER CURIAM.

Saadi Reed pleaded guilty to one count of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the district court[2] found that Reed had three previous convictions for violent felonies, and that the statutory penalties set forth in the Armed Career Criminal Act, *id*. § 924(e),

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

applied to the offense of conviction. As a result, Reed was subject to a mandatory minimum term of fifteen years' imprisonment, and a maximum term of life imprisonment. *Id.* Without this enhancement, there is no mandatory minimum term, and the statutory maximum punishment is ten years' imprisonment. *Id.* § 924(a)(2); *see Logan v. United States*, 552 U.S. 23, 27 (2007). The district court sentenced Reed to a term of 210 months' imprisonment, to be followed by five years of supervised release.

Reed contends that the increase in the statutory maximum penalty beyond 120 months' imprisonment violated the Fifth and Sixth Amendments, because his prior convictions were not alleged in the indictment or proven to a jury. In Reed's view, his prior convictions were facts necessary to increase the maximum sentence that could be imposed. Consequently, he says, the Fifth Amendment required that the prior convictions be alleged in the indictment, and the Sixth Amendment dictated that they be found by a jury beyond a reasonable doubt. He cites the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) – "[o]ther than the fact of a prior conviction, any fact that increases the punishment for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt," *id.* at 490 – and argues that the "recidivist exception to the *Apprendi* rule is no longer controlling." Appellant's Br. 9.

As Reed acknowledges, his contention is foreclosed by circuit precedent. In a virtually identical case, *United States v. Sohn*, 567 F.3d 392 (8th Cir. 2009), this court rejected a contention that the Fifth Amendment required that predicate convictions for a § 924(e) enhancement be alleged in the indictment. *Id.* at 394-95. We reasoned that, under the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), a "district court may apply a sentence enhancement statute not cited in the indictment, based on prior convictions also not included in the indictment." *Sohn*, 567 F.3d at 394-95. In *United States v. Campbell*, 270 F.3d 702 (8th Cir. 2001), this court held that determinations about whether a defendant sustained a previous conviction

that constitutes a "violent felony" under § 924(e) fall within the "prior conviction" exception to the rule of *Apprendi*, and need not be charged in an indictment or proved to a jury beyond a reasonable doubt. *Id*. at 707-08. The district court correctly applied these precedents.

The judgment of the district court is affirmed.

_____