# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1370
_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Pettigrew

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted:  September 17, 2012
Filed:  September 28, 2012
[Unpublished]
_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Rodney Pettigrew pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court[1] concluded Pettigrew was an armed career criminal and sentenced him to 180 months of imprisonment.  See 18

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

U.S.C. § 924(e)(1). Pettigrew now contends the district court erred by counting his juvenile adjudication for first-degree robbery as a predicate offense under the Armed Career Criminal Act (ACCA). We affirm.

Pettigrew argues counting his first-degree robbery conviction as a predicate offense violates his Sixth Amendment right to a jury's determination of every fact necessary to his guilt. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Missouri family courts do not employ juries. Therefore, because his adjudication was not obtained by a jury, Pettigrew argues the district court violated Apprendi when it counted his juvenile adjudication as a predicate offense in applying § 924(e)(1). He also argues the district court violated the Sixth Amendment by sentencing him based upon prior convictions that were not charged in the indictment, presented to a federal jury for consideration, and found beyond a reasonable doubt.

We apply de novo review to constitutional questions. United States v. Lopez-Zepeda, 466 F.3d 651, 655 (8th Cir. 2006).

As Pettigrew acknowledges, Appellant's Br. 10-12, we have previously considered and rejected these arguments. In United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002), we concluded although "a jury does not have a role in trials for juvenile offenses, we do not think that this fact undermines the reliability of such adjudications in any significant way." We therefore held juvenile adjudications may properly be counted as "prior convictions" for ACCA purposes. Id. Eighth Circuit precedent "prohibits any three-judge panel of the Court from overruling a previous panel opinion." United States v. Wilson, 315 F.3d 972, 973-74 (8th Cir. 2003). Pettigrew's argument is therefore foreclosed by our holding in Smalley.

Likewise, we have affirmed the continuing validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998), as an exception to the rule announced in Apprendi. See United States v. Sohn, 567 F.3d 392, 394 (8th Cir. 2009); United

States v. Strong, 415 F.3d 902, 906-07 (8th Cir. 2005). In Almendarez-Torres, the Supreme Court concluded recidivism, as a basis for an enhanced sentence, is not an element of the offense, and instead "goes to the punishment only." 523 U.S. at 244 (alteration, internal quotation marks, and citation omitted). Because recidivism is a penalty provision and not a separate crime, the government need not charge the fact of a prior conviction in the indictment or prove it beyond a reasonable doubt to a jury. Id. at 226-27. Subsequent Supreme Court cases have not altered this conclusion. United States v. Booker, 543 U.S. 220, 244 (2005); Apprendi, 530 U.S. at 490. Our circuit precedent recognizes as much. Sohn, 567 F.3d at 394; United States v. Campbell, 270 F.3d 702, 708 (8th Cir. 2001) (concluding a determination of whether a previous conviction constitutes a "violent felony" under § 924(e)(1) falls within the "prior conviction" exception to the rule announced in Apprendi). The district court correctly applied these precedents.

We affirm.

_____